# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00159-CV

## In the Matter of D. G.

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-18,852, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

Appellant D.G. pleaded true to a charge of possession of a controlled substance after the trial court overruled his motion to suppress evidence. In a single issue on appeal, appellant contends that the court should have granted his motion to suppress evidence recovered by police at the time of his arrest. He asserts that his detention was an illegal investigatory detention because it was based on a tip from an unknown informant. Because we conclude that the officer did not detain appellant until after he discovered the controlled substance and that the encounter and search were consensual, we overrule his issue and affirm the judgment of the district court.

## FACTUAL BACKGROUND

The following facts are based on the testimony of Officer David Stovall of the Austin Independent School District Police Department, who was the only witness at the suppression hearing. On December 14, 2001, Officer Stovall was on duty at Travis High School in Austin. At the end of the school day, the officer received a tip from a student that appellant, a sixteen-year-old student at the school, was selling crack cocaine and keeping the cocaine in the hood of his sweatshirt. Officer Stovall recognized the tipster as a student but did not know his name. Prompted by the tip, the officer attempted to locate appellant at school, but was unable to find him. Shortly after school let out, the officer located appellant at a gas station next door to the school.

As Officer Stovall approached appellant at the gas station, he asked appellant how he was doing. Appellant responded that he was Afine.@ According to Stovall=s testimony, he then asked appellant: AYou don=t have anything on you that you=re not supposed to, do you?@ Appellant responded that he did not. At that point, the officer asked appellant if he could search him. Appellant told him to Ago ahead.@ Complaining that the officer was Ahassling@ him, appellant again denied that he had anything on him. In response to a second request to search, appellant said Asure@ and acquiesced to the request by placing his hands against a freestanding pay telephone and Aassuming the position@ with his arms and legs spread apart to facilitate the search. In a pat-down search of appellant=s clothing, the officer found a quantity of rock cocaine pinned inside the hood of appellant=s sweatshirt. He then arrested appellant.

Following the hearing on appellant=s motion to suppress, the court denied the motion. Concluding that the interaction between appellant and the officer was a permissible encounter and therefore constitutional, the trial court found that the search was based on appellant=s voluntary consent. Appellant

2

pleaded true to the State=s allegation in the original petition of delinquent conduct by possession of a controlled substance.  Appellant was committed to the Texas Youth Commission.

## MOTION TO SUPPRESS

Appellant challenges the denial of his motion to suppress, claiming that the police officer illegally obtained physical evidence by detaining him based on an insufficiently corroborated anonymous tip.  Appellant further urges that the fruits of the search should have been suppressed because the State failed to carry its burden to demonstrate that the search was consensual.

### *Standard of Review*

We review a decision on a motion to suppress evidence for an abuse of discretion. *In re R.J.H.*, 79 S.W.3d 1, 7 (Tex. 2002); *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  We use a bifurcated standard, giving almost total deference to the trial court=s findings of fact, but conducting a *de novo* review of the court=s application of law to those facts.  *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).  In this case, the trial court was not asked to make explicit findings of facts but it made certain findings on the record at the hearing as part of its explanation for its ruling.  Absent findings of fact on the record, we examine the record in the light most favorable to the trial court=s ruling.  *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  We may infer all findings necessary to support the trial court=s ruling, must defer to those findings, and must sustain the trial court=s ruling if the record reasonably supports the ruling and the ruling is correct on any theory of law applicable to the case.  *Ross*, 32 S.W.3d at 855-56.

*Reasonableness of Stop*

Whether an interaction between a citizen and a law enforcement officer is a permissible encounter or an illegal detention is determined by the reasonableness of the officer=s intrusion based on the totality of the circumstances. *Florida v. Bostick*, 501 U.S. 429, 437 (1991). The Supreme Court has recognized three distinct types of police-citizen interactions: (1) arrest, which must be supported by probable cause, *see Brown v. Illinois*, 422 U.S. 590, 601 (1975); (2) brief investigatory stops, which must be supported by reasonable suspicion, *see Terry v. Ohio*, 392 U.S. 1, 25-26 (1968); and (3) brief encounters between police and citizens, which require no objective justification, *see Bostick*, 501 U.S. at 434. Police may approach and question an individual in a public place without implicating the Fourth Amendment=s protections. *United States v. Drayton*, 122 S. Ct. 2105, 2110 (2002); *Bostick*, 501 U.S. at 434; *Florida v. Royer*, 460 U.S. 491, 497-98 (1983). Even when law enforcement officers have no basis for suspecting a particular person of wrongdoing, they may ask questions as long as they do not Ainduce cooperation by coercive means.@ *Drayton*, 122 S. Ct. at 2110. If a reasonable person would feel free to terminate the encounter, then he has not been seized. *Id*. Some contacts that start out as constitutional may, at some point, cross the line and become investigatory stops for which there must be reasonable suspicion or an arrest for which probable cause is required. We are tasked with determining whether the encounter at issue here crossed that line.

In applying the totality-of-the-circumstances test, courts look to numerous factors, including the time, place, and purpose of the encounter; the words used by the officer; the officer=s tone of voice and general demeanor; the officer=s statements to others present during the encounter; the threatening presence

**4**

of other officers; the display of a weapon by an officer; and the physical touching by the police of the citizen. *See Bostick*, 501 U.S. at 437. Whether a seizure occurred at all is a fact-bound inquiry, but our task is simplified in applying the test to the encounter at issue here because we have a single, unrebutted version of the factsCOfficer Stovall=s testimonyCthat the trial court apparently credited.

Here, appellant was a pedestrian. The undisputed record shows that Officer Stovall was in uniform and armed, that he at no point threatened appellant or brandished his weapon, and that the encounter occurred in a gas station next door to the school in the mid-afternoon. There were no other officers present and no indication that the officer coerced or even persisted in questioning appellant. Although appellant argues that he was never advised that he was free to leave or that he did not have to consent to a search, the Supreme Court has specifically rejected the suggestion that police officers must always inform citizens of their right to refuse consent to an encounter or a search. *See Drayton,* 122 S. Ct. at 2113; *Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996). Instead, the Court has reiterated that the totality of the circumstances must control. *See Drayton,* 122 S. Ct. at 2113. Nothing the officer said or did would suggest to appellant that he was required to consent or that he was barred from terminating the encounter. *See id.* at 2112. When viewed objectively, the encounter between appellant and Officer Stovall does not amount to a constitutionally prohibited detention or seizure.

### Consent to Search

Appellant next contends that the State failed to prove that his consent was freely and voluntarily given. Consent to search satisfies the Fourth Amendment if the consent is voluntary. *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000). The consent must not be coerced,

by explicit or implicit means, by implied threat or covert force. *Id.* at 331 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 228 (1973)). The consent must be positive and unequivocal. *Allridge v. State*, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991). Consent is not established by "showing no more than acquiescence to a claim of lawful authority." *Carmouche*, 10 S.W.3d at 331 (citing *Bumper v. North Carolina*, 391 U.S. 543, 548-49 (1968)). The State must show by clear and convincing evidence that the consent was freely given. *Id.* (citing *State v. Ibarra*, 953 S.W.2d 242, 245 (Tex. Crim. App. 1997)). Whether consent is voluntary is a question of fact to be determined from the totality of the circumstances. *Schneckloth*, 412 U.S. at 227.

Officer Stovall's request to conduct a search came within seconds of his encounter with appellant. He showed no force and did not coerce appellant into complying with the request or persist beyond an appropriate bound. Appellant responded immediately and unequivocally, both orally and physically, agreeing to the request. *See Allridge*, 850 S.W.2d at 493. The trial court concluded that appellant voluntarily consented to the search and further that there was no evidence that appellant was under arrest or otherwise not free to go. Although Officer Stovall did not advise appellant of his right to refuse the search, he did request permission to search, and the totality of the circumstances indicates that appellant's consent was voluntary. Viewing the totality of the circumstances, we conclude that the State satisfied its burden of showing by clear and convincing evidence that appellant voluntarily consented to the search.

## CONCLUSION

We conclude that the initial interaction between appellant and the police officer was a permissible encounter insufficient to implicate the Fourth Amendment. The officer was entitled to ask

questions of appellant in a public place. The subsequent pat-down search was a permissible search based on appellant=s voluntary consent. The trial court did not abuse its discretion by refusing to suppress evidence discovered as a result of the questioning. Accordingly, we overrule appellant=s issue on appeal and affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: October 10, 2002

Publish