Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-09-00531-CR

Johnny **TOLES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-5431
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  October 13, 2010

AFFIRMED

Johnny Toles was convicted by a jury of possession of a controlled substance. On appeal, Toles contends the trial court erred in denying: (1) his motion to suppress because his detention and arrest were illegal; and (2) his requested charge on the use of illegally obtained evidence pursuant to article 38.23 of the Texas Code of Criminal Procedure. We affirm the trial court's judgment.

**MOTION TO SUPPRESS**

In his first issue, Toles challenges the trial court's denial of his motion to suppress. Although Toles acknowledges that the officers in question had probable cause to stop the driver of the vehicle in which Toles was a passenger for a traffic offense, Toles contends the officers did not lawfully detain him. Based on his claim that he was not lawfully detained, Toles asserts that he could not be arrested for giving the officers a false or fictitious name and date of birth. As a result, Toles contends the trial court erred in refusing to suppress the evidence obtained when his person was searched incident to the arrest.

"On appeal, the question of whether a specific search or seizure is 'reasonable' under the Fourth Amendment is subject to *de novo* review." *Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004). "It is true that, in assessing this legal issue, courts give great deference to the trial court's findings of historical fact." *Id*. "However, questions involving legal principles and the application of law to established facts are properly reviewed *de novo*." *Id*. at 62-63.

Toles agrees that the stop and detention of the driver of the vehicle in which he was a passenger was justified. The issue on appeal is whether Toles was lawfully detained when he gave the officers a false or fictitious name and date of birth.

"[T]he general rule is that an investigative stop can last no longer than necessary to effect the purpose of the stop." *Id*. at 63. "But if reasonable suspicion of additional criminal activity arises in the course of a stop and before the purpose of the stop is fulfilled, then a continued detention may be justified until the new suspicion has been confirmed or dispelled." *St. George v. State*, 197 S.W.3d 806, 817 (Tex. App.—Fort Worth 2006), *aff'd*, 237 S.W.3d 720 (Tex. Crim. App. 2007); *see also Freeman v. State*, 62 S.W.3d 883, 888 (Tex. App.—Texarkana 2001, pet. ref'd). "Thus, an investigation pursuant to a traffic stop 'may last as long as is reasonably

necessary to effectuate the purpose of the stop, including the resolution of reasonable suspicion, supported by articulable facts within the officer's professional judgment, that emerges during the stop.'" *St. George*, 197 S.W.3d at 818 (quoting *United States v. Brigham*, 382 F.3d 500, 512 (5th Cir. 2004)).

At the pretrial suppression hearing, Officer Joshua Crumley testified that he stopped the driver of a vehicle because the vehicle's right headlight was out. After running the driver's identity through the computer, Officer Crumley determined that the driver had an active warrant. On direct examination, Officer Crumley could not recall if he put the driver into custody before questioning the other occupants of the vehicle. On cross-examination, Officer Crumley testified that when he discovered the driver had a warrant, he had the driver exit the vehicle. When asked what he did with the driver, Officer Crumley stated that he could not say for sure, but he typically would put him in handcuffs and place him in the back of the patrol vehicle. When Officer Crumley contacted the other occupants, he asked Toles what was in the cup he was holding. Toles responded that the cup contained Seagrams, which Officer Crumley knew to be an alcoholic beverage. Accordingly, Officer Crumley knew that Toles had committed the offense of possession of an open container in a vehicle. Officer Crumley then asked Toles for his name and date of birth, and Toles said his name was Joles. When Officer Crumley asked Toles for his age, the age Toles gave did not match with the date of birth he had given. Officer Crumley testified that he ultimately discovered the name and date of birth Toles had given him were false, justifying Toles's arrest. While searching Toles incident to his arrest, the officers found a baggie containing crack cocaine.

At trial, Officer Crumley's testimony was substantially the same as at the pretrial hearing. However, at the pretrial hearing, Officer Crumley testified that he did not recall and could not

say for sure if the driver was arrested and placed in the patrol car before asking Toles about the contents of the cup. At trial, Officer Crumley stated that he asked Toles what was in the cup while the driver was getting his driver's license, and Toles responded that the cup contained Seagrams. Officer Crumley testified that he asked Toles for his identification after he had arrested the driver and placed him in the back seat of the patrol vehicle.

The other officer at the scene, Officer Jason Reno, also testified at trial. Officer Reno's testimony regarding the stopping of the vehicle was consistent with Officer Crumley. Officer Reno testified that he approached the passenger side of the vehicle while Officer Crumley approached the driver. Officer Reno noticed the odor of alcohol coming from the passenger side of the van. While Officer Crumley was talking with the driver, Officer Reno was talking with Toles. Officer Reno stated that Officer Crumley did not talk to Toles until after he placed the driver under arrest and in the patrol vehicle. Toles told Officer Reno that he had alcohol in the cup he was holding, and Officer Reno told Officer Crumley about the alcohol when he approached the vehicle after arresting the driver. Officer Reno also testified that Officer Crumley could have overheard the conversation between Officer Reno and Toles regarding the contents of the cup.

Based on the evidence presented, before the driver was arrested and the purpose of the stop was effectuated, either Officer Reno or Officer Crumley, or both, knew that Toles was in violation of the law by possessing an open container of alcohol. *See Hoag v. State*, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987) (noting cumulative information known to cooperating officers at the time of the stop is to be considered in determining whether reasonable suspicion exists); *Young v. State*, 133 S.W.3d 839, 841 (Tex. App.—El Paso 2004, no pet.) (same). This justified Toles's continued detention and permitted Officer Crumley to ask for his identity for purposes of

issuing a written citation. *See St. George*, 197 S.W.3d at 817; *Freeman*, 62 S.W.3d at 888; TEX. PENAL CODE ANN. § 49.031(e) (West 2003). When the age and date of birth information that Toles provided did not match, Officer Crumley was justified in further investigating Toles's identity because Toles was lawfully detained and Officer Crumley had reasonable suspicion, supported by articulable facts within the officer's professional judgment, that Toles had committed the offense of failure to identify. *See* TEX. PENAL CODE ANN. § 38.02(b)(2) (West Supp. 2009) (person commits an offense if he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has lawfully detained the person). When Officer Crumley determined that Toles had intentionally given him a false or fictitious name and date of birth, Officer Crumley was justified in arresting him and searching him incident to the arrest. Toles's first issue is overruled.

Even if we were to read Officer Crumley's testimony at the pretrial hearing to mean that Toles was not asked about the contents of the cup until after the driver was arrested and placed in the patrol car, we would overrule Toles's issue. "Police may approach and question an individual in a public place without implicating the Fourth Amendment's protections." *In re D.G.*, 96 S.W.3d 465, 468 (Tex. App.—Austin 2002, no pet.). "Mere questioning is neither a search nor a seizure." *St. George*, 197 S.W.3d at 819. Such questioning need not be supported by reasonable suspicion as long as the officers do not induce cooperation by coercive means or convey the message by words or acts that they have the right to compel answers. *Saldivar v. State*, 209 S.W.3d 275, 282 (Tex. App.—Fort Worth 2006, no pet.); *St. George*, 197 S.W.3d at 819-20; *In re D.G.*, 96 S.W.3d at 468. There is no evidence in this record that Officer Crumley said or did anything that would suggest to Toles that he was required to answer his questions. *See Saldivar*, 209 S.W.3d at 284; *In re D.G.*, 96 S.W.3d at 468. Accordingly, even if Officer

Crumley had asked Toles about the contents of the cup after he had arrested the driver and placed him in the patrol car, such questioning would not have been in violation of Toles's Fourth Amendment protections.

## JURY CHARGE

In his second issue, Toles contends that the trial court erred in denying his request for a jury instruction regarding the use of illegally obtained evidence pursuant to article 38.23 of the Texas Code of Criminal Procedure. Article 38.23(a) provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). "The trial court has a duty to give an article 38.23 instruction *sua sponte* if three requirements are met: (1) evidence heard by the jury raises an issue of fact, (2) the evidence on that fact is affirmatively contested, and (3) the contested factual issue is material to the lawfulness of the challenged conduct." *Contreras v. State*, 312 S.W.3d 566, 574 (Tex. Crim. App. 2010). Toles contends a fact issue exists as to which officer asked him about the contents of the cup and when the question was asked. As previously noted, however, the cumulative information known to the officers at the time of a stop is to be considered in determining whether reasonable suspicion exists. *See Hoag*, 728 S.W.2d at 380; *Young*, 133 S.W.3d at 841. Therefore, although the evidence gave rise to a fact issue regarding which officer asked Toles about the contents of the cup, the fact issue is not material to the lawfulness of Toles's continued detention. Regardless of which officer asked the question,

the officers collectively knew Toles was in possession of an open container of alcohol before the purpose of the stop was effectuated.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH